GARRISON, Judge.
This is an appeal from a judgment of the district court, dated February 6, 1980, granting to the plaintiff-wife alimony pen-dente lite in the amount of $125.00 per week. From that judgment, which we affirm, the defendant-husband appealed.
The law controlling the instant appeal is Civil Code Art. 148, as amended by Act No. *1391 72 § 1, Acts of 1979, effective June 29,1979, which provides that either the husband or the wife may claim alimony pendente lite:
“If the spouse has not sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
The plaintiff introduced evidence of monthly expenses in the amount of $1,000.00 and present gross earnings of $200.00 monthly (or $2,400.00 annually). The defendant introduced evidence of monthly expenses in the amount of $736.00 and 1979 gross earnings of $23,727.00 annually.
The trial court admitted defendant’s 1979 earnings, which included overtime. The defendant argues that the trial court erred in admitting his 1979 earnings instead of projecting his 1980 earnings on the basis of his wages for the month of January. We disagree. The trial court found that defendant’s overtime work was of a seasonal nature. In the absence of proof to the contrary, his 1979 earnings, as evidenced by his income tax return, were better evidence as to his 1980 earnings. The trial judge found that there was no evidence showing that the defendant’s earnings would be less in 1980. In fact, the court noted that the defendant was given a raise from $7.76 per hour to $8.16 per hour on a 40 hour week, which raise was effective January 1, 1980.
In contrast to the defendant’s situation, the plaintiff showed that her present earnings were $25.00 gross less per week than her 1979 earnings and that her diminution in income was due to the loss of one day’s work per week.
Finally, the trial judge doubted the credibility of the defendant’s testimony. The trial judge did not believe that the defendant’s allegedly lower earnings, if indeed any diminution in earnings had occurred, were due to circumstances beyond the control of the defendant, but rather that the defendant was attempting to decrease his income in order to avoid paying higher alimony.
We note that the trial judge is given considerable discretion in assessing the credibility of a witness. In the instant appeal, we cannot conclude that the trial judge was manifestly erroneous in his factual determinations based on the credibility of the witnesses. Arceneaux v. Domingue, La., 365 So.2d 1330 (1978).
Turning to the appellant’s second contention that the trial judge erred in arbitrarily fixing one-third of the defendant’s income, we do not agree. The trial judge mentioned one-third while considering the income taxes to be paid and the amount that would be available to each party in proportion to their respective expenses. It is also apparent to this court that the reference to one-third arose after the trial judge had made a determination of how much alimony would be awarded and that the statement was used as a means of explanation to plaintiff and defendant.
Upon review of the evidence presented we conclude that the trial judge did not abuse his discretion in awarding $125.00 per week as alimony. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.