DOMENGEAUX, Judge.
This is a family law case. On October 19, 1982, Janelle Hendrick filed suit for separation from bed and board against her husband, W. Ronald Hendrick.[1] In her petition, Mrs. Hendrick also sought custody of the minor child of their marriage, child support, alimony pendente lite, exclusive occupancy of the family home, and an injunction against Mr. Hendrick prohibiting him from alienation or encumbrance of community assets.[2]
The trial judge determined that Janelle Hendrick was entitled to alimony pendente lite and child support. In his written reasons for judgment, the trial judge condemned Mr. Hendrick to pay $250.00 per month as alimony pendente lite and $200.00 per month as child support for the minor child. He was granted a devolutive appeal from this judgment, and his wife answered the appeal seeking an increase in both the alimony and child support awards.
The only issue presented for our consideration is whether the trial court erred in finding that Janelle Hendrick was entitled *4 to receive alimony pendente lite and child support payments.
FACTS
On August 24, 1982, W. Ronald Hendrick left the matrimonial domicile. His wife then filed a petition for separation from bed and board on October 19, 1982, based upon grounds of abandonment and mental cruelty. Shortly thereafter, Mr. Hendrick, an insurance company representative, received notice of termination from his employer, effective October 31, 1982. The letter stated reasons for termination due to poor job performance, e.g., excessive lateness, failure to make calls, and refusal to keep office hours.[3] At the time of the suit, Mrs. Hendrick had been employed for two years as a secretary for an insurance company.[4]
At trial, Janelle Hendrick testified that W. Ronald Hendrick had a problem with habitual intemperance. She also revealed that Mr. Hendrick refused treatment for his drinking problem despite repeated efforts by his family, friends, and business associates to help through an “intervention,” and a substance abuse clinic.
Mr. Hendrick testified at trial that he was currently unemployed but that he was actively seeking employment and that he expected to return to work in the near future.
ALIMONY PENDENTE LITE AND CHILD SUPPORT AWARD
Petitioner contends that the trial court committed error of law in granting an award of alimony pendente lite and child support. He argues that the trial judge failed to take into account his means. We find no manifest error in the judgment of the trial court.
In the ruling of the court, the trial judge stated:
“Since the defendant, W. Ronald Hen-drick, is temporarily unemployed, the court will award Janelle Hendrick the amount of TWO HUNDRED FIFTY ($250.00) DOLLARS per month alimony pendente lite and an additional TWO HUNDRED AND NO/100 ($200.00) DOLLARS per month as support for the minor child ...”
It is clear from this reasoning that the trial judge considered the petitioner’s employment situation in making the determination for alimony pendente lite and child support.[5] The trial judge acted under the direct authority of the Louisiana Civil Code.
Civil Code Article 148 grants the trial judge wide discretionary power to award alimony pendente lite:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
Civil Code Article 227 states an absolute obligation on the part of the parents to support their minor children:
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”
We find that the trial judge carefully analyzed the needs of the claimant spouse in proportion to the means of the other spouse. Janelle Hendrick required the amounts awarded in order to meet the family’s essential monthly expenses, e.g., the house mortgage, utilities, food, and medical bills. It is apparent that the trial court assessed appellant’s means, i.e., his *5 ability to pay, his current bank account balance, access to his mother’s savings account, ownership in property, and additional assets. The income of the other spouse is not the sole criterion in determining what his means are with which to satisfy alimentary obligations under La.C.C. Art. 148. Ryan v. Ryan, 401 So.2d 514 (La.App. 2nd Cir.1981). Further, the other spouse has an obligation under La.C.C. Arts. 148 and 227 to provide the support for the claimant spouse and children and when necessary he is required to reduce his expenses or to have the funds to pay these high priority obligations. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir.1979).
The fixing of the amount of alimony pendente lite awarded to the claimant spouse and the amount which a parent is required to contribute towards the support of a minor child is largely within the sound discretion of the trial judge and his conclusions will not be disturbed on appeal unless there has been a clear abuse of that discretion. See Desormeaux v. Brignac, 408 So.2d 32 (La.App.3rd Cir.1981); Gravel v. Gravel, 331 So.2d 580 (La.App.3rd Cir.1976).
It is our opinion that the trial court did not abuse its discretion in awarding plaintiff $250.00 per month as alimony pen-dente lite and $200.00 per month as child support. Massie v. Massie, 436 So.2d 739 (La.App.3rd Cir.1983).
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed equally between plaintiff and defendant.
AFFIRMED.

. Janelle Hendrick and W. Ronald Hendrick were married for twenty-one years, with two children, ages 20 and 16.

. A hearing pursuant to rule filed by plaintiff was held on November 8, 1982, concerning the issues of child custody, child support, alimony pendente lite, occupancy of the family home, and the injunction against disposition of the community property. Both parties stipulated to a temporary child custody award to Janelle Hendrick (subject to reasonable visitation rights), her right to occupy the family home, and both parties’ right to injunctive relief regarding the community property (as specified in La.C.C. Art. 149).

. W. Ronald Hendrick’s previous salary had been $30,000.00 per annum plus commissions. At the time of the hearing, he was to receive weekly unemployment compensation benefits of $202.00.

. She earned a gross monthly income of $1,100.00.

.Implicit in this determination is that Mr. Hen-drick’s adverse economic condition was not caused by circumstances beyond his control. See Burgett v. Burgett, 390 So.2d 1390 (La.App. 4th Cir.1980).