McCLENDON, Judge Pro Tempore.
Onita Knox was convicted of theft of $9,057.00 in violation of LSA-R.S. 14:67 by fraudulent representation in obtaining food stamps and funds from Aid to Families with Dependent Children. She was sentenced to four years at hard labor in the custody of the Department of Corrections. She appeals the conviction and sentence.
Although no formal assignment of errors was filed, the designation of the record for appeal includes a statement of the defense intention to allege the insufficiency of the *378 evidence to uphold the conviction and the excessiveness of the sentence. This filing was made three days after the appeal was granted on March 8,1983 and some 57 days before the return date, and hence timely under C.Cr.P. Art. 844.
The defendant allegedly obtained $9,057 in state Aid to Families with Dependent Children, and food stamps for which she was not qualified through fraudulent misrepresentations as to the composition of her household during the period from January 1975 to November, 1981.
The alleged misrepresentation by Mrs. Knox was her failure to inform the office of Family Security that Roy Charles Jackson, the father of her two youngest children, was living in the household. Entitlement to food stamps is based upon the income of the persons living in the household.
Hence, the State had to prove that Roy Jackson was a parent, living in the household, bringing income into the household, and that Mrs. Knox had intentionally misrepresented this fact in order to defraud the State.
After a lengthy five day trial, including testimony from 26 witnesses and introduction of 18 exhibits, the six-person jury returned a verdict of guilty. On March 8, 1983 defendant was sentenced to four years at hard labor. This appeal followed. We affirm.
Assignment No. 1 strikes at the sufficiency of the evidence to justify the jury’s finding of guilt.
The State’s evidence was primarily circumstantial as to Roy Jackson’s living in defendant’s home and providing any contribution to the family income.
If we use the Jackson v. Virginia, 443 U.S. 308, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) test as it has been applied by the Louisiana Supreme Court and particularly in State v. Chism, 436 So.2d 464 (La.1983), we find that the evidence presented, viewed in the light most favorable to the State, would convince any rational trier of fact that defendant’s guilt had been proved beyond any reasonable doubt.
As Justice Blanche so succinctly stated in his concurring opinion speaking of the two-prong application in appellate review of eases involving circumstantial evidence:
“Upon further reflection, I am now of the view that such a dichotomy is unnecessary and confusing. Whether by direct or circumstantial evidence, any rational trier of fact, in viewing such evidence in the light most favorable to the prosecution, must conclude that the state proved the essential elements of the crime beyond a reasonable doubt; where the evidence against the defendant is circumstantial, every element is proved beyond a reasonable doubt when every reasonable hypothesis of innocence has been excluded per the mandate of LSA-R.S. 15:438. The Jackson standard is a constitutional standard gleaned from the due process clause of the 14th Amendment. R.S. 15:438 is a statutory eviden-tiary standard — not a constitutional standard — and, as such forms part of the inquiry in assessing the sufficiency of the evidence under the Jackson standard of appellate review, i.e., exclusion of every reasonable hypothesis of innocence, where the evidence against the defendant is circumstantial, forms but part of the broader Jackson inquiry. A single standard for appellate review, comporting with the sufficiency standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is all that is constitutionally required. ...”
The State presented the testimony of neighbors to establish the activities of Roy Jackson around defendant’s home and the frequency of his presence there while working on or washing his automobile, tending an outdoor barbeque or cooker, and jogging. There was evidence from two investigators who had the house under surveillance for the specific purpose of determining if Roy Jackson did in fact stay there. Roy Jackson testified that he used defendant’s address as his mailing address *379 and had as long as defendant had lived at 118 Gayla Drive.
Both Jackson and defendant admitted that he was the father of defendant’s two youngest children. He claimed these two children as his own to increase benefits he received from the Veterans Administration, checks for which were mailed to Jackson at defendant’s residence address and were either cashed or deposited by defendant in one of two joint bank accounts standing in both their names.
Further, both defendant and Jackson stated to a law enforcement officer, called to defendant’s home by Roy Jackson to investigate a disturbance, that they were married to each other.
If any doubt might have existed before, surely it was dispelled by defendant’s own testimony and that of the rebuttal witness, Claudine Rushing, eligibility worker with the Jackson Parish office of Family Security. On a visit to defendant’s home Ms. Rushing was told by defendant that a Pontiac Grand Prix gold and tan automobile, as well as another one of three cars in her driveway, belonged to her son who was away in the service. On that same visit defendant, when questioned about Roy Charles Jackson as father of two of her children included in the food stamp and AFDC grants, informed Ms. Rushing that Jackson was somebody she had dated when he was in service and she did not know his present whereabouts.
Some 15 days later Ms. Rushing saw defendant and Roy Charles Jackson, whom she did not at that time know, together with the two children in a grocery store buying groceries.- She observed that they were using the Pontiac car defendant had pointed out as belonging to her son away in service. Two days later defendant called Ms. Rushing’s office to ask a question about food stamps and was asked if she had any additional information about Jackson. Defendant replied she had no other information and had not seen Jackson.
Assignment No. 2 complains that the sentence of four years at hard labor is excessive, particularly in light of defendant’s offer to make restitution.
Under LSA-R.S. 14:67 the maximum penalty for the crime of theft when the taking amounts to $500 or more is imprisonment, with or without hard labor, not to exceed 10 years, or a fine not to exceed $3,000, or both imprisonment and a fine. Onita Knox was sentenced to four years in prison at hard labor.
A sentence is excessive if it is grossly out of proportion to the severity of the crime or nothing more than the needless and purposeless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982).
The trial judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Feeback, 414 So.2d 1229 (La.1982).
The penalty imposed here would have to be classified as mid-range or less and certainly not excessive. We find this is so because it included no fine at all and was only two-fifths of the maximum prison time to which defendant was subject.
Examination of the record failed to reveal an offer to make restitution under any proposal that held any hope of compliance by defendant. We fail to find that defendant ever had any income from any source other than welfare grants in some form. The many applications by defendant for assistance filed in the record, dating back as far as 1975, fail to disclose any admission of income from any source. This court finds, as did the trial judge, it most difficult to conceive of how the defendant would pay $200 a month towards restitution. It is true that mention was made by counsel for defendant, in conference with the trial judge before sentencing, that defendant’s sons “would see that that was paid,” but nothing more substantial was put before the sentencing judge. We find he was justified in not considering probation with restitution.
*380 State v. Carey, 392 So.2d 443 (La.1981) appears to be ample justification for the trial court’s feeling that an insupportable restitution arrangement under a probated sentence was not acceptable.
We find no authority for amendment of the sentence by written order on ex parte motion of defense counsel to limit the time defendant was disqualified to receive public assistance benefits of any type for a period of six months from the date she begins serving her sentence. This is especially so since the appeal had been granted on March 8, 1983, and this order was not signed until March 18, 1983. C.Cr.P. Art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except in the limited manner provided in sub-parts (1) through (6) of said article, which do not include provision for ex parte amendments such as this.
We affirm the conviction and sentence and strike the improper amendment.