461 So.2d 654 (1984)
STATE of Louisiana
v.
Gary L. SPELL.
No. KA 84 0671.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*655 Peter Garcia, Kevin J. McNary, Covington, for appellee.
David R. Katner, Lawrence A. Arcell, New Orleans, for appellant.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The sole issue presented is whether or not a probationary condition ordering defendant to pay restitution in the amount of $1,000 a month for five years is excessive.
Defendant, Gary Spell, was charged by bill of information with committing an aggravated battery upon David Gill on July 19, 1980. Following a jury trial, he was found guilty as charged and sentenced on October 10, 1982 to serve six years at hard labor and pay a fine of $2,500. The trial court suspended the sentence of imprisonment and placed defendant on probation for five years, subject to the conditions that he:
(1) pay the fine within 18 months;
(2) serve one year in the parish jail;
(3) make reasonable reparation and restitution to the victim in an amount to be determined by the court at a later date.[1] *656 On April 5, 1983, the trial court suspended the remainder of defendant's jail sentence and ordered his release upon the condition he pay the victim restitution of $1,000 per month throughout his probationary period (a total of $60,000). Defendant appealed his sentence to this court.
On February 28, 1984, we remanded this case with instructions to hold an evidentiary hearing allowing both sides to present evidence as to the amount of restitution appropriate under La.Code of Crim.P. art. 895.1 A, particularly the victim's loss and inconvenience and the defendant's ability to pay. State v. Spell, 449 So.2d 524 (La.App. 1st Cir.1984).[2] After conducting a hearing, the trial court concluded the amount of restitution originally set was reasonable and re-imposed its original conditions of restitution. Defendant has now appealed, alleging the amount of restitution ordered by the trial court is excessive.
Trial courts are given wide discretion in the imposition of sentences. In the absence of a manifest abuse of discretion, sentences within statutory limits should not be set aside as excessive. Sentences should be adapted to the offender as well as to the offense. A sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La. 1983).
In the present case, defendant contends the evidence presented was insufficient to support the trial court's finding that the victim was entitled to $60,000 for his loss and inconvenience. He further contends the trial court improperly considered evidence from the civil proceedings filed by the victim, which the court also presided over, in setting the amount of restitution.
We disagree. The evidence presented at the hearing was sufficient to support the trial court's award of restitution. It is clear from testimony presented at this hearing that the victim, David Gill, suffered extensive injuries as a result of being shot in the neck by defendant. He was hospitalized for a period of over two weeks. Since the shooting he has experienced a general weakness in his right arm and leg. He walks with a limp and is unable to run. It is now impossible for him to participate in hunting and sporting activities as he did prior to the shooting. Gill testified he was right-handed prior to the shooting and has now significantly lost the use of his right hand. He can not do any type of heavy lifting with his right arm and must even use his left hand to write and eat. His right hand often cramps while he sleeps and hurts in cold weather. Another significant factor is that the bullet, which caused a seven inch scar, is still lodged in the back of Gill's neck. Further, he stated he has experienced tension headaches since the shooting. Gill's testimony was supported by the medical records filed into evidence. Additionally, his testimony as to the limited use of his right hand was corroborated by Rodger Beyer, the co-owner of the service station where Gill was employed subsequent to the shooting.
Testimony presented at the hearing also clearly supported the trial court's finding Gill lost a substantial amount of income due to the shooting. Gill testified he was unable to work due to his injuries for nearly three years after the shooting. Prior to the shooting he worked as a painter earning $5.00 an hour. He was finally able to return to work in April of 1983, initially making $3.35 an hour as a gas station attendant. A few months before the hearing, he obtained a job as a painter earning $4.00 an hour. However, since he is unable to perform many of the usual tasks expected of a painter, his prospects in this field and his opportunities for future advancement *657 appear limited.[3] Considering the above facts and circumstances, we find no error in the trial court's finding that David Gill suffered loss and inconvenience amounting to $60,000.[4]
Defendant's argument that the trial court's decision was improperly based upon evidence presented during the civil proceedings filed by Gill is without merit. The civil proceedings referred to by defendant did not proceed beyond the stage of a pretrial conference, at which time the parties consented to a $225,000 judgment against defendant. Accordingly, no evidence was presented in these civil proceedings. Further, as noted above, sufficient evidence was presented at the hearing in the criminal proceedings to support the trial court's finding.
An additional argument raised by defendant is that the restitution ordered is excessive because the victim has already been awarded $225,000 in a civil judgment. With regard to this argument, it is significant defendant made no attempt to show he had or will pay any of this civil judgment. In fact, the trial court noted defendant's previously stated intention not to pay this judgment. In any event, it appears defendant would be entitled to a credit on this civil judgment for whatever amount he pays in restitution. See National Food Stores of La., Inc. v. Chustz, 385 So.2d 374, 376 (La.App. 1st Cir.1980), writ denied, 386 So.2d 356 (La.1980). Under these circumstances, the fact the victim has obtained a civil judgment, which remains unpaid, does not render the amount of restitution excessive.
Defendant also contends the amount of restitution ordered is not reasonably related to his rehabilitation. He argues there is no evidence the payment of restitution has contributed to his rehabilitation. With respect to his argument, it should be noted that Code of Crim.P. art. 895 A(7) specifically lists the payment of restitution as a probationary condition which is reasonably related to a defendant's rehabilitation. Further, we find the payment of sizeable restitution appropriate in the present case because of the victim's extensive injuries and the necessity for impressing upon defendant the seriousness of his actions. The purpose of probation is to aid a defendant's rehabilitation by allowing him to reintegrate into society without confinement. State v. Carey, 392 So.2d 443 (La.1981). We find defendant's reintegration into society as a responsible, law-abiding citizen is advanced by the requirement that he accept certain financial responsibility for the consequences of his conduct and attempt to compensate for at least a portion of his victim's losses. Accordingly, we find the restitution ordered to be reasonably related to defendant's rehabilitation.
Defendant's final argument is that the amount of restitution ordered was not based on his earning capacity and assets. Following his release from parish jail in April of 1983, defendant went to work offshore as a "blue water" seaman. During the months of July through December of 1983, he worked seven days a week, twelve hours a day, and made $35,000. At the time of the hearing in April of 1984, defendant was working as a "brown water" seaman at a salary of $1,600 a month (approximately $19,000 a year). Defendant testified he thought he might be able to get another blue water job within two to three months. Although he had an opportunity to do so, defendant presented no evidence *658 of his present expenses. Defendant further testified he has no assets.[5]
The parties stipulated that defendant has a seaman's rating of fireman, oiler, and water tender and the wages for such are approximately $3,000 a month with overtime. It was also stipulated a representative from defendant's union would have testified, if he had appeared at the hearing, the availability of such work is presently not good.
While the stipulated testimony indicates the theoretical problems which may face defendant in obtaining blue water jobs at his rating, defendant did not show any actual attempts on his part to obtain such work. Defendant failed to show he was acting in good faith in taking a job paying significantly less than he had previously earned.[6] The trial court apparently concluded defendant was "playing games" with the court and took a lower paying job in order to have the amount of restitution reduced. Given the trial court's superior opportunity to observe defendant's testimony and demeanor and our own review of the record, we can not say this conclusion was erroneous. In view of these considerations, we find no error in the court's finding that defendant has an earning capacity of approximately $3,000 a month.[7]
For the above reasons, we affirm the condition of probation ordering defendant to pay $1,000 a month in restitution throughout his probationary period.
AFFIRMED.
NOTES
[1] We note defendant's sentence was illegally lenient because he was not in fact eligible for probation. Since defendant committed an aggravated battery with a firearm, the trial court was required under R.S. 14:95.2 to impose an additional two year sentence upon defendant which could not be probated. Although the trial court did not comply with this requirement, we are unable to correct this sentence under State v. Jackson, 452 So.2d 682 (La. 1984).
[2] Defendant's sentence was affirmed in all other respects.
[3] Defendant contends the trial court's failure to allow him to present Gill's income tax records for the three years Gill was out of work prevented him from showing loss of wages. It is unclear what difference the income tax records would have made in light of Gill's testimony as to his lack of wages during this period. In light of Gill's testimony, it would be reasonable to assume he lost at least $25,000 in past wages and stands to lose a certain amount of future earnings as well. The evidence also showed Gill incurred at least $3,000 in medical expenses.
[4] Furthermore, we agree with the trial court the mere fact the parties entered into a $225,000 consent judgment may not in and of itself prove the victim's loss and inconvenience, but it does tend to support his finding.
[5] From the testimony of defendant and his mother, it appears defendant at one time owned a trailer and lot worth approximately $15,000, but sometime after the shooting turned the trailer and lot over to his parents as co-signers on the note. His parents apparently received a substantial amount of equity in the trailer and lot.
[6] An analogy may be made to family law cases involving the earning capacity of the husband in determining alimony or child support. See McKenna v. Steen, 422 So.2d 615 (La.App. 3d Cir.1982), writ denied, 429 So.2d 157 (wherein a dentist sold his practice and went to law school "for reasons primarily culminating from his disgust in paying what he considered to be an exorbitant amount of child support." See also, Burgett v. Burgett, 390 So.2d 1390 (La.App. 4th Cir.1980).
[7] We note the trial court may modify the conditions of probation at any time if it feels it necessary. La.Code Crim.P. art. 896. In fact, the trial court itself noted it could modify the amount of restitution if defendant was unable to pay it. Thus, if defendant makes a reasonable effort to pay restitution, but is unable to do so, the trial court may then consider a modification of the amount ordered.