GUIDRY, Judge.
Thomas Dean Atwell appeals from a judgment awarding his wife, Margaret Brittain Atwell, the sum of $2,000.00 monthly for alimony pendente lite and child support for their two children.
Appellant concedes plaintiffs entitlement to alimony pendente lite and child support *962 but urges that the amounts awarded by the trial court are excessive. We affirm.
The record reflects that Margaret is a housewife and mother with no specialized training or employable skills. She has no income and must rely totally on the amount awarded for the support of herself and her children. Margaret testified that she required the sum of $2,652.00 monthly, a sum less than that spent per month while she lived with appellant. Although appellant questioned several items of expense listed by appellee, the remaining items not seriously questioned amount to a sum in excess of $2,000.00 monthly.
In regard to defendant-appellant’s ability to pay, the record reflects that Thomas had at least two, and possibly three, sources of income, Ace Trucking Lines; T.D. Atwell Welding and Trucking; and, Atwell Construction Corporation. A computer printout entered in evidence reflected that, after deducting 23% for tax purposes, Ace Trucking paid Thomas $36,354.81 during the first six months of the year 1984. An unaudited statement of operations for T.D. Atwell Welding and Trucking for the first three months of 1984 reflected a net loss of $253.24, however, such statement reflects a net profit before depreciation in the sum of $4,546.76. Appellant’s final source of income was derived from work performed by Atwell Construction Company. Although it is impossible to ascertain the income derived by appellant from this source, because the customer checks were cashed and not deposited in the corporate checking account, the record does reflect that at the time of trial Atwell Construction was owed the sum of $5,835.00 for recent work performed.
Lastly, appellant presented evidence of various debts owed, some of which had been reduced to judgment. However, there was no evidence that execution of such judgments had been sought or at what rate appellant was obliged to liquidate his other debts.
. It is well settled that awards for alimony and child support are largely within the sound discretion of the trial court and should not be disturbed on appeal absent a showing that there has been a clear abuse of that discretion. Hendrick v. Hendrick, 441 So.2d 2 (La.App. 3rd Cir.1983). We carefully examined the record in this case and finding no clear abuse of discretion, we affirm. All costs of this appeal are taxed to appellant.
AFFIRMED.