h CARAWAY, J.
Pursuant to a plea agreement, defendant plead nolo contendere to one count of misapplication of contract payments in violation of La. R.S. 14:202. Defendant was sentenced to serve five years which was suspended, provided he complete five years of supervised probation. Defendant’s probation was subject to various conditions, including payment of restitution to three victims. This court amended the amount of restitution owed in State v. Stephenson, 30,271 (La.App.2d Cir.1/21/98), 706 So.2d 604, writ denied, 98-0426 (La.6/19/98), 720 So.2d 1211, affirmed defendant’s sentence, and remanded to the trial court to determine the method by which defendant would pay restitution. On remand, the trial court ordered defendant to pay $1,600 each month as restitution to his victims. From this ruling, defendant appeals. For the following reasons, we affirm.

Facts

On January 21,1998, this court amended the amount of restitution owed by defendant to total $120,641.04 and affirmed his sentence in State v. Stephenson, supra. On remand to the trial court to determine the method of Stephenson’s restitution payments, the trial court issued a ruling setting monthly restitution payments at $1,600, based upon the defendant’s income and expense information set forth in a document admitted as a defense exhibit at a hearing on September 17, 1998. The trial court further ordered that Jack and Sherry Taylor and Gerard and Jean Bur-da be paid pro rata in accordance with the amount owed to each of them. In addition, the trial court ordered that the third victim, Paul Bullock, be paid the $6,400.00 owed him only after the total amounts owed to victims Taylor and Burcia were paid.
At a hearing on April 15, 1999, the trial court amended the sentence to include the restitution schedule set forth in its December 30, 1998 ruling and ^denied Stephenson’s motion to reconsider sentence. From these rulings, Stephenson appeals, essentially arguing that the $1,600 monthly restitution amount is excessive.

Discussion

Stephenson complains that the trial court erred in excluding certain “necessities” from his monthly budget, that the trial court erred in reducing the monthly amount claimed as office expenses as being excessive, and that the trial court erred in concluding that defendant has $1,600 available per month to pay restitution.
Under the Louisiana Criminal Code, an order to pay restitution is deemed as a civil money judgment in favor of the person to whom restitution is owed. La.C.Cr.P. art. 895.1(A)(2)(a). The total amount of restitution as previously determined by the trial court and affirmed on appeal as amended in State v. Stephenson, supra, is the law of the case and not subject to review in the present appeal *375 absent palpable error or where, if applied, manifest injustice would occur. Robideau v. Johnson, 31,770 (La.App.2d Cir.3/31/99), 731 So.2d 955, writ denied, 99-1564 (La.9/17/99), 747 So.2d 562.
La.C.Cr.P. art. 895.1 A(l) states in pertinent part:
The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
In ordering restitution, the trial judge has discretion, and her decision will not be disturbed absent an abuse of discretion. State v. Stephenson, supra; State v. Peters, 611 So.2d 191 (La.App. 5th Cir. 1992). Probation is intended to promote defendant’s rehabilitation by allowing him to reintegrate into society without confinement. State v. Carey, 392 So.2d 443 (La.1981) (wherein the supreme court set aside a sentence that included restitution payments of $50 per week as 13“unsupportable” in light of defendant’s monthly income of only $528). In some circumstances defendant’s reintegration into society may be advanced by his taking financial responsibility for the consequences of his conduct. State v. Spell, 461 So.2d 654 (La.App. 1st Cir.1984). Therefore, probation that includes the payment of restitution, must be reasonably related to defendant’s rehabilitation and should not be so harsh that defendant is destined to fail from the outset. State v. Carey, supra; State v. Sartain, 571 So.2d 192 (La.App. 4th Cir.1990) (sentence that included restitution payments of $400 per month set aside where the payments would take more than half of defendant’s income of $35 per day).
In State v. Spell, supra, the defendant argued that the $1,000 a month restitution payment ordered by the trial court was not based upon his earning capacity and assets. The appellate court affirmed the sentence finding that the defendant had the ability to earn approximately $3,000 per month as a “blue water” seaman, and the trial court did not err in concluding that the defendant was acting in bad faith in taking jobs paying significantly less as a “brown water” seaman. The appellate court noted the defendant had the opportunity to present evidence of his expenses, but did not.
At the time of the hearing in this matter, the only evidence presented by Stephenson was a statement of his total monthly household and business expenses, as well as his monthly income. The trial court also had the defendant’s presentence investigation report which indicates that defendant is married, that his wife is also employed, and that only one of their three children remained under the age of majority. The defendant did not report his assets to the court nor attempt to explain how the $120,641.04 is not available for return to the victims. The accounting data reflects that defendant’s net monthly income after taxes is $3,909.55.
|4In the trial court’s ruling, the court excluded the following items of monthly expenses:
1. Cedar Creek tuition $ 297.00
2. Orthodontist $ 175.00
3. Meals outside the home $ 114.00
4. Groceries (total $600, reduced to $400) $ 200.00
5. Other mise, expenses — Church, school clubs, petsupplies
6. Co-op, shared office expense, equip- $ 600.00 ment, supplies & fees (total $1,400,
Total excluded from budget $1,646.00
Despite defendant’s objections, we believe that these items could be excluded as excessive or unnecessary. Though the trial court’s ruling did not discuss the information regarding the defendant’s marriage and his wife’s employment, those factors could additionally be considered by the court in measuring the impact of the family’s household expenses upon defendant’s $3,909.55 income. Finally, given the considerable time period since defendant’s guilty plea and his agreement to pay restitution, the defendant has had these means and additional time to prepare for the financial burden of these monthly installments for a period well in advance of the *376 commencement of the payments. Since the decision as to how the restitution installment payments are to be made is left to the discretion of the trial court, we cannot say that the trial court’s conclusions in this case were manifestly erroneous. La.C.Cr.P. art. 895.1. The defendant’s assignments of error lack merit.

Conclusion

We have reviewed the record for error patent but found none. Therefore, the sentence of the trial court is hereby affirmed, and Stephenson is ordered to | sbegin restitution payments in accordance with the Reasons for Ruling issued by the trial court on December 30, 1998.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.