355 So.2d 876 (1977)
STATE of Louisiana
v.
Gregory RUGON.
No. 60001.
Supreme Court of Louisiana.
September 19, 1977.
Rehearing Denied October 21, 1977.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William F. Wessel, Louise S. Korns, Bridget Bane, Lindsay Alexis Larson, III, Asst. Dist. Attys., New Orleans, for relator (plaintiff).
John V. Baus and Donald V. Organ, New Orleans, for respondent, Judge Matthew S. Braniff.
SANDERS, Chief Justice.
The State charged Gregory Rugon with possession of marijuana, in violation of LSA-R.S. 40:966. After pleading not guilty, defendant withdrew his plea and entered a plea of guilty. On that date, May *877 27, 1977, the Orleans Parish Criminal District Court Judge postponed sentencing. On June 6, 1977, the judge sentenced defendant to serve three months in the Orleans Parish Prison. The court suspended the execution of sentence during good behavior under the terms and conditions set forth in Article 894 of the Code of Criminal Procedure and under the special condition that defendant donate $200 to the Judicial Administrator of the Criminal District Court for the Appellate Process Support and Court Programs Fund. The court further ordered defendant to pay court cost of $67.50 or to serve an additional thirty days in the parish prison. At this time, the State objected to the special condition of probation, the donation. The court overruled the State's objection. Upon the State's application, we granted supervisory writs. La., 346 So.2d 1271 (1977).
The sole issue presented is the validity of the $200 "donation" to the Judicial Administrator.
The State contends that the payment is in direct contravention of LSA-R.S. 15:571.11(D). It argues that the pecuniary penalty imposed by the trial court is a fine or forfeiture and thus subject to the legislative mandate in LSA-R.S. 15:571.11(D). The district court judge asserts that the $200 "donation" is not a fine or forfeiture as encompassed by the Statute.
LSA-R.S. 15:571.11(D) provides:

"All fines and forfeitures imposed in criminal cases and prosecutions by the courts of Orleans Parish shall, upon collection, be paid to the district attorney of Orleans Parish who shall deposit same in a special account to be used in defraying the expenses of the criminal courts of the parish, extradictions and such other expenses pertaining to the operation of the criminal courts of Orleans Parish and the office of the district attorney of Orleans Parish as in his discretion may be necessary. Provided, that any surplus remaining in said special account or fund on December 31st of each and every year shall be distributed as follows: one-half to be retained by the district attorney of Orleans Parish, to be used as hereinabove set forth, and the other half to be remitted to the city of New Orleans. No money shall be paid out of this fund except upon motion by the district attorney of Orleans Parish and approval by a judge of the criminal district court of Orleans Parish. A copy of said motion must be served on the budget officer of the city of New Orleans twenty-four hours prior to the approval thereof by the judge. Said fund shall be annually audited by the director of finance of the city of New Orleans." (Emphasis added.)
In determining whether a given payment is a fine, the label given by the trial judge is not conclusive. Shore v. Edmisten, 290 N.C. 628, 227 S.E.2d 553 (1976).
A donation is a gratuity; a voluntary alienation of property; a gift. Webster, N., New International Dictionary (3rd ed. 1961) p. 673. The official court minutes clearly indicate that the suspension of defendant's three-month sentence was conditioned upon his "donation" of $200. If defendant paid $200 to the Judicial Administrator of the Criminal District Court for the Appellate Process Support and Court Programs Fund, his jail sentence would be suspended. If defendant failed to contribute, he would be confined in the parish prison for thirty days. The contribution was not voluntary or gratuitous. Hence, in our opinion, it was not a donation.
In State v. Brannon, 34 La.Ann. 942 (1882), this Court stated that a fine "is a sum expressly imposed in lieu of, or in addition to a term of imprisonment, or as any part of the punishment for an offense." (Emphasis added.) Since that time, we have defined a fine as: "a pecuniary penalty" (State v. Price, 124 La. 917, 50 So. 794 (1909)); "a pecuniary exaction, imposed as a punishment for violation of the law." (McHugh v. Placid Oil Co., 206 La. 511, 19 So.2d 221 (1944)).
When the statute is given a genuine construction to effectuate its funding purpose, *878 the payment at issue here falls within the scope of "fine."[1]
The trial court judge asserts, however, that the payment in controversy is a valid condition of probation, which can be equated with restitution to the aggrieved party under Louisiana Code of Criminal Procedure Article 895. In pertinent part, that article provides:
"When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
"That the defendant shall:
"* * *
"(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;"
In our opinion, this argument is not dispositive of the legal question presented. Formulating the sentence so as to make the exaction a condition of probation does not change its essential nature nor bar its classification as a fine. The specific conditions of probation enumerated in Article 895 are not exclusive. See Official Revision Comment (a). The sentencing judge is granted general authority to "`impose any specific conditions reasonably related to' . . . rehabilitation." The authority is broad enough to include the exaction of a fine as a condition of probation. See, e. g., A.B.A. Standards Relating to Probation § 3.2(d) and Comment at p. 49; Rubin, S., The Law of Criminal Correction, Ch. 6, § 9, p. 218 (1973).
Clearly, the pecuniary exaction is not a reparation or restitution to the aggrieved party. It is essentially a pecuniary exaction in lieu of imprisonment. Hence, we hold that it is a fine within the intendment of LSA-R.S. 15:571.11(D), subject to the legislative mandate that it "be paid to the district attorney for Orleans Parish . . . to be used in defraying the expenses of the criminal courts." Accordingly, the sentence must be annulled and set aside, but only insofar as it ordered the payment made to the Judicial Administrator.
For the reasons assigned, that portion of the sentence making the Judicial Administrator the recipient of the fine is hereby annulled and set aside. Accordingly, the case is remanded to the Criminal District Court for the Parish of Orleans for correction of the sentence by making the sum payable to the District Attorney of Orleans Parish in accordance with law and the views herein expressed.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
The majority holds that a trial judge's authority is broad enough to allow him to order a probationer to pay money to another person as a condition of probation but too narrow to permit a judge to designate the recipient of such payment. It does not appear to me that the legislature intended to so restrict the prerogative of trial judges. There is no indication whatsoever in the statute that a judge may not require a donation for purposes reasonably calculated to further the probationer's rehabilitation. Nor is there any evidence the legislature intended to restrict the payment of money, as a condition of probation, to reparation or restitution to the aggrieved party.
La.C.Cr.P. art. 895, in pertinent part, provides:
"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following: [List of specific conditions omitted]." (Emphasis added).
Under this Article, according to Official Revision Comment (a), "* * * [f]urther leeway is given the sentencing judge *879 under the general authority to `impose any specific conditions reasonably related to' rehabilitation. * * *" (Emphasis in original).
There is no evidence of record showing that the district judge abused his discretion by imposing a condition of probation not reasonably related to rehabilitation. The majority's ruling is apparently based upon evidence outside the record that the trial judge intended to impose a fine, rather than a condition of probation, but incorrectly directed its payment to the wrong state agency. I do not think this Court should have considered such evidence and for that reason find no justification for our interference in the sentencing process below.
PER CURIAM.
In his application for rehearing, respondent alleges that our decision prevents the expungement of the conviction record as authorized by LSA-R.S. 44:9.
After a consideration of the issue, we conclude that the decision does not prevent expungement.
The motion for rehearing is denied.
DENNIS J., concurs in the per curiam but is of the opinion that a rehearing should be granted.
NOTES
[1] We, of course, express no opinion as to the wisdom of the legislative policy of funding the operations of a court from fines imposed and collected.