| ■>,CANNELLA, Judge.
Defendant, Bobby Boudreaux, appeals from his sentence, imposed after a guilty plea to the offense of carnal knowledge of a juvenile. For the reasons which follow, we affirm.
Because this appeal results from a guilty plea, there are few facts available. The police report indicates that the defendant was 21 years old when he had sexual intercourse three time with the thirteen year old victim. Defendant was charged with carnal knowledge of a juvenile in violation of La.R.S. 14:80. On May 3, 1999, the defendant withdrew his former plea of not guilty and entered a plea of guilty. The trial court accepted defendant’s plea and sentenced him to five years imprisonment at hard labor, suspended, and placed him on three years active probation and two years inactive probation. As conditions of his probation, the defendant was required to pay a fine of $1,000, comply with the sex offender provisions, La.R.S. 15:542, pay all court costs, pay up to $5,000 to the victim for psychiatric treatment, pay a $100 court fee and pay monthly | aprobation fees. The defendant lodged an objection to the imposition of the $1,000 fine prior to entering his plea. The trial *403 judge accepted the plea subject to the defendant’s right to appeal that issue.[1] Defendant filed the instant appeal.
On appeal, defendant contests only the part of - his sentence imposing the $1000 fine as a condition of his probation. Defendant argues that the penalty for the offense to which he pled guilty does not authorize the imposition of a fine, thus, the trial court erred in imposing a fine as a condition of probation. We disagree.
It is well settled that when a trial court suspends the imposition or execution of sentence and places a defendant on probation, it has wide discretion to impose any specific probationary condition reasonably related to his rehabilitation. La.C.Cr.P. art. 895; State v. Alleman, 439 So.2d 418 (La.1983); State v. Peters, 611 So.2d 191 (La.App. 5 th Cir.1992). It has been held that the trial court’s authority in imposing probationary conditions “is broad enough to include the exaction of a fine as a condition of probation.” State v. Rugon, 355 So.2d 876, 878 (La.1977). Moreover, La. C.Cr.P. art. 895.1(B)(2) expressly authorizes the trial court, when it suspends the imposition or execution of a sentence and places the defendant on probation, to order, as a condition of probation, an amount of money to be paid by the defendant to the criminal court fund. While the trial judge in this case, when imposing sentence, did not expressly specify that the fine be paid to the criminal court fund, it is provided by law. La.R.S. 15:571.11. We find that this $1,000 fine is broadly |4but generally related to defendant’s rehabilitation. Therefore, we find no error in the part of defendant’s sentence ordering him, as a condition of probation, to pay a $1,000 fine.
Accordingly, for the reasons set forth above, the sentence is affirmed.
AFFIRMED.

. The State takes issue with the defendant’s right to contest his sentence on appeal since it was the result of a plea bargain. While we are well aware that generally a defendant gives up his right to appeal as a result of a plea bargain, that rule does not apply where, as here, defendant objected to his sentence prior to entering the guilty plea and the plea was accepted by the trial court with the right expressly reserved to the defendant to raise his issue on appeal.