# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-184

**STATE OF LOUISIANA**

**VERSUS**

**KAREN D. BROWN**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 11021-99,
HONORABLE ALCIDE J. GRAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

Saunders, J., dissents and assigns written reasons.

### AMENDED IN PART; VACATED IN PART; AND REMANDED.

Robert Richard Bryant
 District Attorney
Carla S. Sigler
 Assistant District Attorney
Post Office Box 3206
Lake Charles, Louisiana  70602
(337) 437-3400
Counsel for Plaintiff/Appellant:
     State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana  70602-1641
(337) 491-0570
Counsel for Defendant/Appellee:
     Karen D. Brown

**Leah White**
**Matt Henrich**
**Public Defender's Office**
**Post Office Box 3757**
**Lake Charles, Louisiana 70602**
**(337) 436-1718**
**Counsel for Defendant/Appellee:**
        **Karen D. Brown**

SULLIVAN, Judge.

On November 6, 2003, Defendant, Karen Brown, pled guilty to issuing worthless checks in the aggregate amount of $1,117.19, a violation of La.R.S. 14:71. Acknowledging a joint sentencing recommendation, the trial court deferred imposition of sentence and placed Defendant on three years supervised probation with numerous special conditions, including that she pay District Attorney fees of $400.00 pursuant to La.R.S. 16:15.[1]

On November 14, 2003, the State filed a motion to reconsider sentence, arguing that the trial court did not have authority to reduce the District Attorney fees, which, according to the State, should have been set at $810.00, per La.R.S. 16:15. The trial court denied the motion on November 14, 2003, and the State filed this appeal on November 21, 2003.

### Assignment of Error

In its sole assignment of error, the State contends that the trial court erred in reducing the District Attorney worthless check collection fees, arguing that the trial court may not alter those fees because they are set by La.R.S. 16:15. In response, Defendant argues that the trial court exercised its sentencing discretion by reducing the fees to a reasonable amount.

At Defendant's guilty plea and sentencing, the following colloquy occurred regarding the District Attorney fees:

THE COURT: All right. How much [are] the DA's fees?

. . . .

---

[1]The other conditions of probation were that Defendant (1) pay restitution of $1,732.19; (2) pay a fine of $100.00, plus court costs; (3) pay a monthly supervision fee of $55.00; (4) have no checking account during the probationary period; and (4) include in the restitution "any checks dated prior to today's date that she admits to writing."

MR. COFFMAN [for the State]: $810. I think that's set by statute, Judge.

THE COURT: What's the statute?

MS. WHITE [for Defendant]: The minimums are set by statute. We always negotiate them and we always argue over DA fees.

THE COURT: Well, I mean, it may be statute how much you can set, it doesn't mean I have to impose it.

MS. WHITE: That's right.

THE COURT: The DA's fees will be $400.

MR. COFFMAN: The State objects to that, Judge.

The State contends that the District Attorney fees ordered in the present case were imposed as a special condition of probation, in accordance with La.Code Crim.P. art. 895. The State further claims that the trial court was not authorized to reduce the fees from $810.00 to $400.00 because the District Attorney, not the trial court, is authorized to determine the appropriate fees. According to the State, the fees set forth in La.R.S. 16:15 "operate independently of trial court control," and that "both the power to collect the fees and the ability to spend the money collected from them rest with the District Attorney, *not* the trial court." By reducing those fees, the State argues that the trial court imposed an illegally lenient sentence.

At the time of the present offense, La.R.S. 16:15 (emphasis added) provided in part:

> A. A district attorney *may collect a fee* whenever his office collects and processes a check, draft, or order for the payment of money upon any bank or other depository, *if the check*, draft, or order for payment of money on any bank or depository:
>
> (1) *Has been issued in a manner which makes the issuance an offense under R.S. 14:71*; or
>
> (2) Has been forged under R.S. 14:72.

2

B. The district attorney may collect the fee authorized by this Section *from any person who is a principal to the offense described in Subsection A of this Section*.

C. The amount of the fee *shall not exceed*:

(1) Ten dollars, if the face amount of the check, draft, or order for the payment of money does not exceed ten dollars.

(2) *Twenty dollars, if the face amount of the check, draft, or order for the payment of money is greater than ten dollars but does not exceed one hundred dollars*.

(3) Sixty dollars, if the face amount of the check, draft, or order for the payment of money is greater than one hundred dollars but does not exceed three hundred dollars.

(4) One hundred dollars, if the face amount of the check, draft, or order for the payment of money is greater than three hundred dollars but does not exceed five hundred dollars.

(5) One hundred fifty dollars, if the face amount of the check, draft, or order for the payment of money is greater than five hundred dollars.

Under La.Code Crim.P. art 895(A), when placing a defendant on probation, the trial court "may impose any specific conditions reasonably related to his rehabilitation . . . ." Although the supreme court has found that the discretion granted the trial court by this provision is "broad enough to include the exaction of a fine as a condition of probation," the supreme court has also stated that the "discretion is not without its bounds." *State v. Rugon*, 355 So.2d 876, 878 (La.1977) and *State v. Parker*, 423 So.2d 1121, 1124 (La.1982). Under La.Code Crim.P. art. 895.1(B), the trial court may order as a condition of probation that the defendant pay a sum of money to any or all of the agencies or programs listed in subsections (B)(1)-(7). Even though Article 895 seems to grant the trial court authority to impose any payments it deems appropriate, many courts have found error when the trial court orders payment to an

3

agency or program not specifically mentioned in Article 895.1(B) or not specifically provided for by another statute. For example, in *State v. J.T.S.*, 03-1059 (La.App. 3 Cir. 2/4/04), 865 So.2d 1032, and in *State v. Sanderson*, 97-1281 (La.App. 3 Cir. 5/13/98), 715 So.2d 483, this court disallowed as conditions of probation that the defendants make payments to the State, respectively, for the costs of transferring witnesses and for the foster care costs of a child born as the result of the criminal offense of carnal knowledge of a juvenile. Other examples include *State v. Cutrera*, 558 So.2d 611 (La.App. 1 Cir. 1990) (payment for costs of investigation disallowed); *State v. Linson*, 94-61 (La.App. 1 Cir. 4/7/95), 654 So.2d 440, *writ denied*, 95-1120 (La. 9/22/95), 660 So.2d 470 (payment to a "law clerk fund" vacated); and *State v. Hall*, 99-2887 (La.App. 4 Cir. 10/4/00), 775 So.2d 52 (payment to a "judicial expense fund," as opposed to the "criminal court fund" under Article 895.1(B)(2), vacated).

In the present case, the fees sought by the District Attorney are authorized by statute, La.R.S. 16:15. Although the statute does not specify who has the authority to set the fees, the statute is directed to the District Attorney and appears to grant him or her the exclusive authority to collect the fees. (Indeed, it appears that the fees authorized by La.R.S. 16:15 may be collected whether or not a person has been convicted of La.R.S. 14:71.) The statute further provides that the fees shall be deposited in a special fund to be administered by the District Attorney, with "[e]xpenditures from this fund [being] at the sole discretion of the district attorney" to defray the salaries and expenses his or her office (although not as a supplement to his or her own salary). Because the fees are authorized by statute, we find that the trial court properly included their payment as a condition of probation. However, because the statute is directed to the District Attorney, we find that the District

4

Attorney alone may set those fees. Accordingly, we find that the trial court erred in reducing the fees set by the District Attorney. We will, therefore, amend that portion of Defendant's sentence and remand the case with instructions that the trial court correct the minutes of sentencing to reflect that the District Attorney fees will be set at the requested amount of $810.00.

## Errors Patent

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find several concerns regarding the amount of restitution imposed as a condition of probation. First, we note that the amount of restitution ordered at sentencing ($1,732.19) exceeds the aggregate amount of checks listed in the bill of information ($1,117.19) by $610.00. Second, we note that "any checks dated prior to today's date that she admits to writing" was made part of the restitution, even though Defendant was not charged with writing those checks and the record contains no information as to their amount. Finally, we note that the trial court did not establish a payment plan for the restitution ordered, as well as for the other fees imposed as a condition of probation.

In *State v. Elkins*, 489 So.2d 232 (La.1986), the supreme court found it improper for the trial court to order restitution for offenses that were not included in the guilty plea, absent proof of the defendant's participation in the crime. However, in *State v. Stephenson*, 30,271 (La.App. 2 Cir. 1/21/98), 706 So.2d 604, *writ denied*, 98-426 (La. 6/19/98), 720 So.2d 1211, the court found no error in ordering restitution to the victim of an uncharged offense, where the defendant expressly agreed that he would make restitution to that victim as a part of a plea bargain. In the present case, the State and Defendant apparently reached a joint sentencing agreement; however,

5

in addition to the unexplained discrepancy between the total of the checks listed in the bill of information and the amount stated at the sentencing colloquy, the sentencing colloquy also indicates that the parties were not in agreement, at least as to the amount of the District Attorney fees. Accordingly, we will vacate that portion of Defendant's sentence setting the amount of restitution and remand the case for a determination of whether Defendant expressly agreed to pay restitution in an amount that exceeds the total of the checks listed in the bill of information. On remand, the trial court is also instructed to determine the amount of restitution owed and to establish a payment plan for restitution and other fees.

### Decree

For the above reasons, Defendant's sentence is amended, in part, as to the amount of District Attorney fees and is vacated, in part, as to the amount of restitution, and the case is remanded with instructions that the trial court (1) correct the minutes of sentencing to reflect that Defendant is to pay District Attorney fees in the amount of $810.00; (2) determine whether Defendant expressly agreed to restitution in excess of the total of the checks listed in the bill of information; and (3) fix the amount of restitution owed and establish a payment plan for restitution and other fees imposed as a condition of probation.

**AMENDED IN PART; VACATED IN PART; AND REMANDED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-184


STATE OF LOUISIANA

Plaintiff - Appellant

VERSUS

KAREN D. BROWN

Defendant - Appellee


On appeal from the Fourteenth Judicial District Court, Parish of Calcasieu, No. 11021-99, Honorable Alcide J. Gray, District Judge


SAUNDERS, Judge, dissenting.


The majority has decided that a district attorney is responsible for setting the fee at issue here. This conclusion was reached because, while it does not specify who shall set the amount of the fine, La. R.S. 16:15 empowers the district attorney to collect the fees and determine how the funds will be expended. I disagree with the majority's decision because I do not believe that this limited grant of power gives the district attorney the authority to set the amount of the fees. Two separate fees are set forth in La. R.S. 16:15. First, La. R.S. 16:15(C) provides that the D.A. "may" collect a worthless check fee that "shall not exceed . . ." Next, in addition to this fee, La. R.S. 16:15(E) provides that the district attorney "shall" collect a fee of $25.00 for each worthless check issued. Given the above quoted language, it is clear that the fee described in La. R.S. 16:15(C) is discretionary, while the fee contained in La. R.S. 16:15(E) is mandatory.

As previously noted, La. R.S. 16:15 does not identify the party responsible for setting the fees at issue. I believe, as the supreme court has previously held, that:

> [w]here the law is silent, it is within the inherent authority of the court to fashion a remedy which will promote the orderly and expeditious administration of justice. La.C.Cr.P. 17; *State v. Edwards*, 287 So.2d 518 (La.1973).

*State v. Mims*, 329 So.2d 686, 688 (La.1976). This language is in harmony with the traditional roles played by courts and district attorneys. District attorneys decide whom to prosecute and for what offenses, while courts perform the sentencing functions in criminal matters. As a discretionary fee, this penalty is a function of Defendant's sentence. Therefore, I believe the trial judge has the inherent authority to set that fee. I see nothing in La. R.S. 16:15 that abrogates this inherent authority bestowed upon trial courts.

Furthermore, given that Defendant has been placed on three years supervised probation with several special conditions, I believe the fee set forth in La. R.S. 16:15(C) falls within the discretionary powers granted to trial courts under La. C.Cr.P. 895. The majority points out that the supreme court has held that the provision in La. C.Cr.P. 895 stating that trial courts "may impose any specific conditions reasonably related to. . .rehabilitation" grants limited discretion to trial courts in setting fines as a condition of probation. *State v. Rugon*, 355 So.2d 876 (La. 1977). I disagree with the majority, however, in that I see nothing in La. R.S. 16:15 that displaces the trial court's aforementioned authority to set this fine. In other words, I do not believe that the limits upon a trial court's discretion encompass the authority to set the amount of the fine. Again, I believe the authority to set these conditions of probation are a part of the trial court's inherent authority to perform

2

sentencing functions in criminal matters.

For these reasons, I respectfully dissent.

JDS/sl/nmf