# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-571

**STATE OF LOUISIANA**

**VERSUS**

**KELVIN LATRIAL MCADORY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,894
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**First Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71446**
**(337) 239-2008**
**Counsel for Appellee:**
     **State of Louisiana**

**Edward L. Tarpley, Jr.**
**Attorney At Law**
**819 Johnston Street**
**Alexandria, Louisiana  71301**
**(318) 487-1460**
**Counsel for Defendant/Appellant:**
     **Kelvin Latrial McAdory**

**KEATY, Judge.**

Defendant, Kelvin Latrial McAdory, appeals the trial court's sentence. For the following reasons, the trial court's judgment is affirmed and remanded with instructions.

## FACTS & PROCEDURAL BACKGROUND

On November 7, 2014, Defendant, Kelvin Latrial McAdory, was a passenger in a vehicle in Vernon Parish when it was stopped by police for a traffic violation. During the traffic stop, a consent to search the vehicle was requested and subsequently denied. Thereafter, a police canine at the scene was led around the vehicle and alerted the police to the presence of drugs. A subsequent search of the car uncovered drugs, which Defendant admitted belonged to him.

On March 2, 2016, Defendant was charged with the intent to distribute marijuana, in violation of La.R.S. 40:966(A)(1); possession with the intent to distribute cocaine, in violation of La.R.S. 40:967(A)(1); possession with the intent to distribute methamphetamine, in violation of La.R.S. 40:967(A)(1); and possession of ethylone/bath salts, in violation of La.R.S. 40:966(C). On the same day, Defendant pled guilty to possession of methamphetamine pursuant to a written Plea Agreement. In the Plea Agreement, which was silent with respect to Defendant's sentence, the State dismissed the remaining charges. The trial court thereafter ordered a presentence investigation (PSI) report. On May 10, 2016, Defendant was sentenced to serve five years at hard labor, three years suspended, with him serving five years of supervised probation, with credit for time served. He was also fined $4,000 plus court costs and, as conditions of probation, ordered to pay $2,500 to the district attorney's office for the cost of prosecution, $1,000 in restitution to the clerk of court, supervision fees, and $150 for the PSI. Defendant did not object to his sentence.

On June 3, 2016, Defendant timely filed a Motion to Reconsider Sentence, arguing that the trial court failed to consider mitigating factors in its sentencing. He also alleged that the imposition of fines and costs was unreasonable, excessive, and imposed without any notice to Defendant that he would be subject to costs above and beyond the statutory fine and normal court costs. Following a hearing on August 24, 2016, the trial court denied the motion to reconsider. Defendant thereafter sought review of the denial through writ of review to this court. A panel of this court remanded the case to the trial court to be treated as an appeal rather than a writ due to Defendant's conviction arising out of a criminal case triable by jury. *State v. McAdory*, 16-872 (La.App. 3 Cir. 3/15/17) (unpublished writ opinion).

Defendant appeals his sentence, arguing the trial court erred in denying his Motion to Reconsider Sentence because he did not have sufficient notice of the costs to be assessed by the trial court for the district attorney and clerk of court.

## DISCUSSION

### I.     Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent concerning Defendant's sentence. In sentencing Defendant, the trial court imposed a fine of $4,000, court costs, $2,500 for the cost of prosecution, and $1,000 in restitution to the clerk of court. In outlining the conditions of probation, the trial court stated:

> You will have to follow the normal conditions of probation and the following special conditions: you pay your fine and costs that are due immediately. If you do not pay those out, you have to get with the court's collection officer if you decide to do that. If not, you'll have to do one year in the Vernon Parish jail. Likewise, you will have to pay the fine and costs over that payment plan you work out at a minimum of $150 per month; a supervision fee in the amount of $71

2

to the probation office; $150 for the PSI; the restitution of $2,500 to the - - for the costs of prosecution as well as the $1,000 to the Clerk of Court as well.

A payment plan was imposed for the fine and court costs. However, a payment plan was not imposed for the $150 PSI fee, the $2,500 cost of prosecution, and the $1,000 payment to the clerk of court. In *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208, this court held:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).
>
> We view this procedure as no different from payment plans for *restitution. See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).
>
> We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Likewise, in the present case, Defendant's case is remanded to the trial court for establishment of a payment plan for the $150 PSI fee, the $2,500 cost of prosecution fee, and the $1,000 payment to the clerk of court. This plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court.

## II. Assignment of Error

At the outset, we address the State's objection to Defendant's appeal, arguing that it lacks merit because Defendant waived his right to appeal his conviction and sentence. In support, the State references the Plea Agreement, which was signed by Defendant and his attorney at the time of his plea, which contains the following clause:

> 3) By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction and sentence resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise.

According to the State, the foregoing language represents a clear and unambiguous waiver of Defendant's appellate rights which were knowingly and intelligently given. The State compares the similarities between the language at issue to the language of a waiver of post-conviction relief rights upheld by this court in *State v. Crittenden*, 14-83 (La.App. 3 Cir. 6/4/14) (unpublished opinion).[1] We note, however, that the language in *Crittenden* did not include any waiver of

---

[1] **The Plea Agreement in *Crittenden*, p. 4, contained the following language:**

> **(3) By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief, application for habeas corpus relief, or otherwise.**
>
> **(4) By accepting this plea agreement, defendant asserts that he/she is fully satisfied with the services and assistance rendered by his/her counsel and has had sufficient time to confer with counsel concerning his/her case and this plea agreement. By accepting this plea agreement, defendant acknowledges that his/her counsel has performed adequately and competently, securing a satisfactory plea agreement and resolution of defendant's criminal case(s). By accepting this plea agreement, defendant waives, releases and relinquishes any claim or right to appeal this matter, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise on a claim of ineffective assistance of counsel.**

4

sentencing review; it merely waived the right to challenge the defendant's conviction.

Jurisprudence reveals that when a defendant agrees to an open-ended plea without a sentencing recommendation or sentencing cap, he does not waive his right to appeal the sentence received. *See State v. Miller*, 12-1401 (La.App. 3 Cir. 6/5/13), 114 So.3d 670; *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, and *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081.

In this case, the State contends that the parties agreed to a sentencing cap of five years on the reduced charge pled by Defendant. We find that is an inaccurate description of what occurred. At the time of Defendant's plea, the original agreement was that Defendant would plead guilty to two charges: possession of methamphetamine and possession of ethylone. However, confusion existed as the attorneys believed the maximum sentence on the second charge was five years, while the trial court stated the maximum sentence was ten years. The State initially offered a sentencing cap of five years but subsequently dismissed the charge. Accordingly, there was no sentencing cap in place, as noted on the Plea Agreement.

As such, the question is whether the clause stating that Defendant waives his right to appeal his conviction and sentence should be upheld as valid. The State argues that because the supreme court found in *State v. Bordelon*, 07-525 (La. 10/16/09), 33 So.3d 842, that even a capital defendant sentenced to death may waive his right to appeal, the waiver should be considered valid so long as it was given knowingly and intelligently. We caution, however, that the *Bordelon* court also noted it was still required to review the defendant's capital sentence for excessiveness under La.Code Crim.P. art. 905.9. Although the excessiveness issue

in *Bordelon* is not relevant in the instant matter, we note that the trial court instructed Defendant at sentencing that, "[y]ou have two years from the date this sentence becomes final to assert any claim for post conviction relief and you have 30 days in which to file an appeal." We will, therefore, address Defendant's appeal.

On appeal, Defendant asserts that the trial court erred in denying his Motion to Reconsider Sentence because he did not have sufficient notice of the costs to be assessed by the trial court for the district attorney and clerk of court. His actual argument, however, swings back and forth between an argument for lack of notice and an argument regarding the excessive amounts of imposed fines. We will, therefore, address the issue as a hybrid claim of the two arguments.

The procedure required for preserving the review of a sentence on appeal is codified in La.Code Crim.P. art. 881.1, which states:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In Louisiana, the law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the

6

imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

> . . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

>> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

>> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

> *State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91 (second alteration ours).

*State v. Zhegao Quan*, 14-1126, pp. 5-6 (La.App. 3 Cir. 3/4/15), 157 So.3d 1259, 1263-64.

Defendant argues that the trial court imposed an excessive sentence when it ordered him to pay $2,500 for prosecution costs and $1,000 in "restitution" fees to the Vernon Parish Clerk of Court. The supreme court recently upheld a trial court's rights to impose costs of prosecution and investigation on convicted

criminal defendants. *State v. Griffin*, 14-1214, 14-1238 (La. 10/14/15), 180 So.3d 1262. Defendant, however, argues not that the trial court lacks authority to impose said costs upon him but rather argues that the amounts of those fines are excessive. The *Griffin* court specifically stated:

> [Louisiana Code of Criminal Procedure Article] 887(A) and La.C.Cr.P. art. 895.1(B) are clear and unambiguous on their face, and the articles provide support for the imposition of a broad category of costs of prosecution and costs of investigation within the sound discretion of the trial judge. The permissible costs imposed under these articles are not limited to costs that are special or extraordinary to the case at the bar. The Code of Criminal Procedure does not require that the costs imposed under article 887(A) or article 895.1(B) be expressly tied, dollar-for-dollar, to those incurred by the state in its prosecution or investigation of the case. Nor do the articles require that the costs imposed be accompanied by specific evidentiary proof unique to each and every case. Rather, so long as the defendant has sufficient notice of the imposition of such costs, and as long as the costs are reasonable and not excessive, costs of prosecution and costs of investigation may be imposed upon convicted defendants, as set forth in the articles.

> As to the costs imposed in this case on this defendant, all defendants in the 3rd JDC have been on notice since 2004 that a misdemeanor conviction could result in the imposition of a $100 cost of prosecution, and since 2006, that a misdemeanor conviction could result in a $100 cost of investigation. The defendant here was assessed with those standard amounts in accordance with a public fee schedule, the costs were reasonable and not excessive and the defendant had sufficient notice of the costs.

*Id*. at 1273-74.

In *Griffin*, 180 So.3d 1262, the defendant was ordered to pay $100 for the cost of prosecution and an additional $100 for the cost of the sheriff's investigation. The trial court noted that those amounts were supported by a 2004 "Omnibus Motion for Costs of Prosecution" filed by the district attorney's office and a 2006 *en banc* order from the judges of the Third Judicial District Court, signed by the clerk of court, authorizing a $100 cost of investigation for misdemeanor convictions.

Defendant herein contends that he was not provided notice in light of the testimony of Jeff Skidmore, the Vernon Parish Clerk of Court, who testified that he had no knowledge of any motion being filed by the district attorney's office for costs of prosecution, which would set out any amount to be imposed or of any order from the judges authorizing the imposition of costs or fees for the clerk of court. Defendant maintains that absent public notice similar to that present in *Griffin*, the costs imposed on him were excessive, unreasonable, improper, and should be rescinded. Although Defendant claims that the costs imposed are excessive, his argument addresses a lack of notice, and then concludes by again claiming the amounts are excessive and unreasonable.

With respect to the notice issue, Defendant's argument boils down to one question: Does the existence of La.Code Crim.P. arts. 887(A) and 895.1(B), which unambiguously give the trial court authority to impose these fines, provide sufficient notice to defendants that they may be liable for costs above normal fines and court costs? Louisiana Code of Criminal Procedure Article 887(A) states that a "defendant who is convicted of an offense . . . shall be liable for all costs of the prosecution or proceeding[;]" La.Code Crim.P. art. 895.1(B)(3) allows a trial court, which suspends a defendant's sentence and places him on probation, to "order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following[,]" including the "clerk of court for costs incurred." Based upon his focus on Skidmore's testimony, Defendant appears to argue that the outcome in *Griffin* relied exclusively on the existence of the nearly decade-old public notices alerting defendants to the possibility of liability for exactly the costs imposed. This argument lacks merit. While it is true that the two outstanding public notices provided additional notice of the possibility that the trial court might impose additional costs on the defendant in *Griffin*, the supreme court

made it clear that the authority for those fines came not from those public notices, but from the Code of Criminal Procedure.

To accept Defendant's argument herein would make La.Code Crim.P. arts. 887(A) and 895.1(B) obsolete unless and until the district attorney and trial court judges of a judicial district took additional steps to promulgate notices to potential criminal defendants that they are liable for the costs of their prosecutions. Furthermore, "[e]veryone is presumed to know the law, including the penalty provisions that apply." *State v. Sugasti*, 01-3407, p. 7 (La. 6/21/02), 820 So.2d 518, 522.

To the extent that Defendant argues the amounts of the fees imposed are excessive, the *Griffin* court noted in footnote six that, "[l]ower courts of this state have also historically upheld the imposition of costs of prosecution under article 887(A) and costs of investigation under article 895.1(B)." *Griffin*, 180 So.3d at 1269, n.6. In particular, the *Griffin* court referenced *State v. Heath*, 513 So.2d 493 (La.App. 2 Cir. 1987), *writ denied*, 519 So.2d 141 (La.1988), wherein the second circuit affirmed the imposition of over $3,800 associated with prosecution costs; *State v. Ratliff*, 35-144 (La.App. 2 Cir. 9/26/01), 796 So.2d 101, wherein the second circuit upheld the imposition of $2,500 associated with costs of prosecution as not excessive; and *State v. Brown*, 04-184 (La.App. 3 Cir. 9/29/04), 882 So.2d 1273, wherein a panel of this court explained that costs of investigation are generally upheld so long as payment is made to a party listed by La.Code Crim.P art. 895.1. In light of these cases, we hold the fees are not excessive and affirm Defendant's sentence.

## CONCLUSION

The trial court's sentence imposed on Defendant, Kelvin Latrial McAdory, is affirmed. The case is further remanded to the trial court for establishment of a

payment plan for the $150 PSI fee, the $2,500 cost of prosecution, and the $1,000 payment to the clerk of court. This plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**