# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-485

STATE OF LOUISIANA

VERSUS

CHRISTOPHER GRANADO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89546
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED.

**Allen Skinner**
**District Attorney**
**Terry Lambright**
**Assistant District Attorney**
**30th Judicial District Court**
**Post Office Box 1188**
**Leesville, Louisiana  71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Stephen H. Shapiro**
**Attorney at Law**
**700 Camp Street**
**New Orleans, Louisiana  70130**
**(504) 309-8442**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Christopher Granado**

**CONERY, Judge.**

Defendant Christopher Granado was indicted on June 2, 2016, as a principal to racketeering, a violation of La.R.S. 14:24 and 15:1353, for alleged offenses occurring from February 1, 2015 to March 9, 2016. On January 9, 2016, Defendant entered an open-ended plea of guilty to racketeering. The trial judge ordered a pre-sentence investigation report (PSI) and set sentencing for February 6, 2018. At the sentencing hearing, the trial court reviewed Defendant's PSI and the State's sentencing memorandum. After taking into consideration the sentencing guidelines provided by La.Code Crim.P. art. 894, Defendant was sentenced to forty years at hard labor with credit for time served and fined $50,000.00 plus court costs. Defendant then filed a pro se motion for amendment of sentence and to withdraw plea agreement, which was denied by the trial court. Additionally, Defendant's counsel filed a motion to reconsider sentence, which was also denied by the trial court. Defendant now seeks review of his sentence and his motion to withdraw his plea, asserting two assignments of error. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

This appeal arises out of Defendant's indictment and conviction on the charges of principal to racketeering, in violation of La.R.S. 14:24 and 15:1353. On January 27, 2016, Defendant and Ms. Hernandez-Quezada were arrested for selling methamphetamine in DeRidder, located in Beauregard Parish, Louisiana. On June 2, 2016, Defendant was indicted by a grand jury as a principal to racketeering, in violation of La.R.S. 14:24 and 15:1353 and conspiracy to distribute methamphetamine, a Schedule II Controlled Dangerous Substance, in violation of La.R.S. 40:967(A). Defendant was arraigned and pled not guilty to the above charges.

On January 9, 2018, Defendant entered an Alford plea to racketeering pursuant to a plea agreement.[1] In return for Defendant's *Alford* plea, the State agreed to dismiss the charge of conspiracy to distribute a schedule II controlled dangerous substance, in violation of La.R.S. 40:967(A). The trial court accepted Defendant's plea and entered the plea agreement and waiver of constitutional rights forms into the record. On February 26, 2018, Defendant was sentenced to forty years at hard labor with credit for time served since the date of arrest and fined $50,000.00 plus court costs.

Defendant then filed a pro se motion for amendment of sentence and motion to withdraw plea agreement on March 19, 2018. Through counsel, Defendant filed a motion to reconsider sentence on March 20, 2018. Both motions were denied by the trial court on April 6, 2018. Defendant now appeals his sentence and the trial court's denial of his motion to withdraw his plea.

## ASSIGNMENTS OF ERROR

1. The district court erred in denying Christopher Granado's Motion to Withdraw his Guilty Plea as not knowingly and voluntarily [sic] when Mr. Granado's counsel failed to properly and accurately communicate the State's plea offer to Mr. Granado: (1) by advising Mr. Granado that he would be sentenced to a prison term of 7-years; and (2) when Mr. Granado reasonably relied on his counsel's statement and pled guilty on the strength of counsel's advice.

2. The district court erred in imposing on [sic] a prison sentence of 40 years on Christopher Granado because this sentence was grossly excessive under the facts, circumstances, and sentencing factors.

---

[1] Defendant entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), which recognized a defendant's right to knowingly and voluntarily enter a plea of guilty and consent to the imposition of a prison sentence, even in the instance that the defendant denies or refuses to admit participation in some or all of the actions that constituted the crime.

2

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

**LAW AND DISCUSSION**

*Assignment of Error No. 1*

In his first assigned error, Defendant contends the trial court erroneously denied his motion to withdraw his guilty plea. Defendant argues his guilty plea was not knowingly and voluntarily made because his counsel failed to properly and accurately communicate the State's plea offer. Specifically, Defendant alleges counsel advised him he would be sentenced to a prison term of seven years. Defendant alleges that he reasonably relied on counsel's statement and pled guilty on the strength of counsel's advice. He further contends that counsel was ineffective.

> [A] guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly.

*State v. Dixon*, 449 So.2d 463, 464 (La.1984). *See also State v. Filer*, 99-626 (La.App. 3 Cir. 9/20/00), 771 So.2d 700, *writ denied,* 00-2918 (La. 9/21/01), 797 So.2d 63.

Our review of the record indicates that Defendant made the plea knowingly and voluntarily. Moreover, there is no indication that the State ever promised a specific sentence term, or that such information was ever communicated to Defendant. The record fails to show that Defendant ever at any time prior to the imposition of his sentence indicated his disagreement with any part of his plea agreement. In fact, the colloquy between Defendant and the trial court when he entered his plea at the January 9, 2018 hearing presents the opposite conclusion.

3

BY THE COURT:

Q. Sir, I have two forms in front of me. One's a Waiver of Constitutional Rights and enter a Plea of Guilty and Plea Agreement. Sir, have you had the opportunity to read and go over those?

A. Yeah.

Q. You understand them?

A. Yes, sir.

Q. If you had any questions your lawyer answer [sic] the questions?

A. Yes, sir.

Q. You sign [sic] them?

A. Yes, sir.

Q. Okay. Likewise, has anybody forced, threatened, coerced or promised you anything to get you to enter this plea today?

A. No, sir.

Q. Okay. Has anyone offered—other than what's been offered here in open court has anybody made a promise to you regarding the sentence that you'll receive?

A. No, sir.

Q. Are you pleading guilty of your own—is this plea of your own free will, sir?

A. Yes, sir.

. . . .

Q. Okay. You also understand by entering this Alford Plea that you are—that this is because you think this is what's best for you to do, sir?

A. Yes, sir.

The State then presented an extensive factual basis for Defendant's *Alford* plea. The State claimed that it would be able to prove at trial that Defendant led an operation to distribute methamphetamine from February 1, 2015 to March 9, 2016.

4

The operation consisted of a pattern of money laundering and a large-scale distribution of methamphetamine. Originating in the western United States, occasionally traveling through Shreveport, Louisiana, the enterprise was mainly operating in Vernon Parish, Louisiana, and surrounding areas. To facilitate this operation, Defendant and one of his associates, co-conspirator Nathan Wayne Robertson, would launder money from other criminal activity, which was evidenced by deposits into Defendant's bank account, and then used said proceeds to fund the acquisition and distribution of the methamphetamine. The methamphetamine was delivered to other associates and co-conspirators such as Nathan Wayne Robertson, Felisha Hernandez-Quezada, Carey Lynn White, Russel Wade Cole, and other unindicted co-conspirators. Once received by Defendant's associates, the methamphetamine would be further distributed in Vernon Parish and other surrounding areas.

In *Dixon*, 449 So.2d 463, the defendant told the trial court during the plea colloquy pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), that he understood the possible penalties for his crimes, and he said he was promised nothing in return for his plea. He signed the guilty plea and waiver of rights forms and agreed his sentence would be imposed at a sentencing hearing following receipt of the PSI. Nevertheless, the defendant in *Dixon* said his attorney had told him those responses "were merely 'procedural'" and would not affect his plea agreement. When the trial court imposed the defendant's sentence, he immediately objected and appealed on the basis that the trial court did not order his guilty plea to be withdrawn. The Louisiana Supreme Court found that due to the lack of information in the record, an evidentiary hearing was needed to determine whether the sentence imposed conformed to the terms of his plea agreement. *Dixon*, 449 So.2d at 465.

5

However, in the instant matter, an evidentiary hearing is not necessary because the record indicates that Defendant never at any time prior to the imposition of his sentence indicated his disagreement with any part of his plea agreement. His written plea form indicated he was making a "straight up plea" with no sentencing cap or promised sentence. In return, the State agreed to dismiss a charge of conspiracy to distribute more than twenty-eight grams of a Schedule II controlled dangerous substance. Defendant also signed a "Waiver of Constitutional Rights and Plea of Guilty" form that stated:

> I acknowledge that I am guilty of the offense charged and voluntarily waive such rights and enter a plea of guilty. I have not been promised anything and I have not been induced to plead guilty or sign this document by any threat, pressure, coercion, or force. My plea of guilty is made freely, voluntarily and intelligently.

The form further stated Defendant's attorney had explained the document to him, and Defendant was satisfied with his attorney's legal representation and the manner in which his case was handled. During the "*Boykin* colloquy"[2] at the time of his plea, Defendant told the trial court he went to the eighth grade in school. He said he could read, write, and understand the English language. He had no mental illness and was not under the influence of any drugs, alcohol, or medication that would prevent his understanding of his plea. Further, he customarily worked in the oilfield. He understood that by entering an *Alford* plea he was waiving his rights as set out in *Boykin*, 395 U.S. 238. He admitted to the trial court that he was satisfied with the information, advice, and representation his attorney had given him. Defendant also told the trial court he understood that the penalty for the crime of racketeering was imprisonment at hard labor for not more than fifty years and/or a fine of not more than $1,000,000. Neither Defendant, his counsel, nor the State ever mentioned a

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

seven-year sentence, any capped sentence or sentencing promise as part of the plea agreement. Defendant filed no opposition to the State's "Sentencing Information and Memorandum of Law" filed on February 6, 2018, prior to his sentencing hearing on February 26, 2018. At the sentencing hearing, the trial judge again informed Defendant that the sentence for racketeering was "up to a million-dollar fine and or up to 50 years or both." Again, neither Defendant, his counsel or anyone else mentioned any agreement regarding a seven-year sentence, or any specific sentence.

Defendant had ample opportunity to state and explain his understanding of what his sentence would be to the trial court. Instead, he only stated an objection when the trial judge pronounced his sentence, and even then, he failed to assert any misunderstanding to the trial court about an anticipated sentence. Defendant has shown no evidence of any agreement to a lesser sentence or of his justifiable belief that he would receive a lesser sentence that would warrant granting Defendant's request for relief. Therefore, Defendant is not entitled to withdraw his guilty plea, and an evidentiary hearing is unnecessary. *See Dixon*, 449 So.2d 463.

> [D]issatisfaction with the sentence received is not a permissible basis to withdraw a guilty plea, and the expectation of a lesser sentence does not render a guilty plea involuntary. It is only when misunderstandings regarding the sentence one will receive are induced by or attributed to representations of the prosecutor or trial judge which are not fulfilled, that grounds exist for the withdrawal of a guilty plea. Conversely, misunderstandings between a defendant and his defense counsel do not render a guilty plea involuntary.

*State v. Johnson*, 95-626, p. 6 (La.App. 3 Cir. 12/13/95), 666 So.2d 1137, 1141, *writ denied*, 96-156 (La. 4/19/96), 671 So.2d 925 (citations omitted).

Defendant also contends that his counsel was ineffective for advising him he would be sentenced to seven years in prison. A claim of ineffective assistance of counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted by the trial court. *State in the Interest*

7

*of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.*

The record here does not contain such evidence.[3] Defendant alleges his guilty plea was made in reliance on assertions or promises not found in the record. *See State ex rel. Kenny v. State*, 15-1864 (La. 12/16/16), 207 So.3d 1053 (per curiam). Accordingly, Defendant's claim of ineffective counsel is relegated to post-conviction proceedings.

***Assignment of Error No. 2***

Defendant contends his forty-year prison sentence is grossly excessive under the facts and circumstances of this case. Defendant further contends that the trial court abused its discretion in imposing such a sentence. The State argues Defendant waived his right to appeal his sentence when he signed his plea agreement. Alternatively, the State claims that the trial court did not abuse its discretion when imposing the sentence at issue on Defendant.

In reviewing the record, we find that Defendant's right to appeal his sentence was not waived. Although the plea documents contained a waiver of appeal of his sentence, at the sentencing hearing, the trial judge advised Defendant of his right to appeal or file for post-conviction relief. *See State v. McAdory*, 17-571 (La.App. 3 Cir. 1/4/18), 237 So.3d 539 (where this court found that although the defendant had waived his right to an appeal in his plea agreement, the trial court's instruction on

_____

[3] *See Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), (where the United States Supreme Court found that to establish that counsel was ineffective, a defendant must show that: (1) his trial counsel's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result.); *also see State v. Washington*, 491 So.2d 1337, 1339 (La.1986), (which adopted the *Strickland* test).

8

that defendant's right to appeal allows his sentence to be reviewed on appeal).[4]

Therefore, we will review Defendant's excessive sentence claim.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted). Louisiana Code of Criminal Procedure Article 881.4(D) provides, "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

We find that the trial judge reviewed and properly considered the sentencing guidelines provided in La.Code Crim.P. art. 894.1. Defendant was originally

---

[4] In *McAdory*, 237 So.3d 539, this court reviewed Vernon Parish plea forms, where the State argued that the defendant waived his right to raise sentencing issues on appeal by signing the form. This court noted:

> [T]he question is whether the clause stating that Defendant waives his right to appeal his conviction and sentence should be upheld as valid. The State argues that because the supreme court found in *State v. Bordelon*, 07-525 (La. 10/16/09), 33 So.3d 842, that even a capital defendant sentenced to death may waive his right to appeal, the waiver should be considered valid so long as it was given knowingly and intelligently. We caution, however, that the *Bordelon* court also noted it was still required to review the defendant's capital sentence for excessiveness under La.Code Crim.P. art. 905.9. Although the excessiveness issue in *Bordelon* is not relevant in the instant matter, we note that the trial court instructed Defendant at sentencing that, "[y]ou have two years from the date this sentence becomes final to assert any claim for post conviction relief and you have 30 days in which to file an appeal." We will, therefore, address Defendant's appeal.

*Id.* at 543.

indicted for racketeering, in violation of La.R.S. 15:1353 and La.R.S. 14:24, and for conspiracy to distribute over twenty-eight grams of methamphetamine, in violation of La.R.S. 40:967(A). Defendant was exposed to a sentence of imprisonment at hard labor up to fifty years and/or a fine up to one million dollars.

Instead, he received a sentence of a term above the midrange but less than the maximum possible term. The fine imposed is only five percent of the maximum possible amount. Additionally, the State dismissed one count of conspiracy to distribute more than twenty-eight grams of a Schedule II controlled dangerous substance pursuant to La.R.S. 40:967(B)(1)(b) as part of the plea agreement. Defendant received a substantial benefit from his plea agreement because this charge would have exposed Defendant to an additional possible sentence of one to ten years and/or a fine of up to $50,000.

Defendant argues that because he was a first-time felony offender, he should be given an opportunity for rehabilitation. The trial court considered the presentence investigation, which indicated that Defendant was married with children, had a sixth-grade education level, and listed all his previous charges in New Mexico that were closed or dismissed, as well as pending charges in Beauregard Parish. Additionally, the trial court considered the unopposed sentencing memorandum submitted by the State. The State's memorandum alleged that the amount of methamphetamine involved in the criminal enterprise had a street value exceeding six million dollars, which equated to a volume that would furnish methamphetamine to as few as 225 users or to as many as 4,500 users, depending on the size of the dose. Additionally, the State alleged this case formally established a link back to the Sinaloa cartel.

At the sentencing hearing, the trial judge reviewed the sentencing guidelines provided by La.Code Crim.P. art. 894 and referenced Defendant's drug enterprise as very significant and sophisticated. The trial judge determined "clearly, the evidence

10

would show that [Defendant] was the person running this massive drug distribution system within Vernon Parish and Beauregard Parish and was spreading out from there." The trial judge again noted Defendant "was the head and is the head of this racketeering offense here and it brought in a significant amount of drugs . . . to our Parish and our community." The trial court found no substantial grounds to justify or excuse Defendant's criminal conduct. The trial judge stated that he believed that Defendant was unlikely to favorably respond to probationary treatment, he needed correctional treatment, and a lesser sentence would deprecate the seriousness of the offense. Further, the trial court judge asserted that an undue risk existed that Defendant would commit further crimes during any period of a probated or suspended sentence.

While Defendant objected to the forty-year sentence as "extremely harsh," he made no objection to the statements of the State or the trial judge's findings at the sentencing hearing. We find that the record fully supports the findings of the trial court, evidencing a massive enterprise to traffic methamphetamine in which Defendant played a significant and leadership role. A review of our jurisprudence considering similar crimes supports the imposition of lengthy sentences for involvement in this type of criminal activity. *See State v. Nagi*, 17-1257 (La.App. 1 Cir. 4/9/18) (unpublished opinion); *State v. McGuire*, 50,074, 50,075 (La.App. 2 Cir. 9/30/15), 179 So.3d 632; *State v. Casaday*, 49,679 (La.App. 2 Cir. 2/27/15), 162 So.3d 578, *writ denied*, 15-607 (La. 2/5/16), 186 So.3d 1162; *State v. Sullivan*, 51,180 (La.App. 2 Cir. 2/15/17), 216 So.3d 175; *State v. Guyn*, 16-1059 (La.App. 1 Cir. 4/12/17), (unpublished opinion), *writ denied*, 17-1082 (La. 6/1/18), 243 So.3d 1062. Accordingly, we find that Defendant's forty-year sentence and fifty thousand dollar ($50,000.00) fine is not unconstitutionally excessive under the facts and circumstances of this case.

## CONCLUSION

The trial court's denial of Defendant's motion to withdraw his guilty plea is affirmed. Defendant's sentence of forty years at hard labor, with credit for time served and a $50,000.00 fine plus court costs is not unconstitutionally excessive and is affirmed in its entirety.

**AFFIRMED.**